ELIZABETH AHART          :
                          :       PRISONER CASE NO.
                          :       3:05CV1016(JCH)(HBF)
                          :
WILLIAM WILLINGHAM, et al   :       MARCH 15, 2007

## RULING ON MOTION TO DISMISS [DOC. NO. 16]

The plaintiff Elizabeth Ahart, ("Ahart") brings this action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against William Willingham, the former Warden at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury") and Dr. D'Avirro, Clinical Director at FCI Danbury. Pending before the court is a motion to dismiss filed by the defendants. For the reasons set forth below, the motion is granted in part and denied in part.

## I.    STANDARD OF REVIEW

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" York v. Association of Bar of City of

New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002).  In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).  However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted.  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

## II.    FACTS

In February 1999, Ahart complained of blurred vision and headaches.  An unidentified individual in the medical department recommended that Ahart flush her eyes with water and return to the department if the symptoms persisted.   Ahart visited the medical department on several more occasions.   In October 1999, Dr. D'Avirro ordered Ahart to undergo a CAT scan and a glaucoma evaluation of her right eye.

The results of the testing indicated that Ahart suffered from glaucoma in her right eye.  In February 2000, a consulting Ophthalmologist diagnosed Ahart with Chronic Open Angle Glaucoma, prescribed two different medications to alleviate the pressure in her eye and directed Ahart to return to be evaluated every six weeks.  Dr. D'Avirro did not send Ahart back to the Ophthalmologist for follow-up visits.

In August 2002, a glaucoma specialist examined Ahart and diagnosed her as suffering from Advanced Uncontrolled Glaucoma.  Dr. D'Avirro had been unable to check the pressure in Ahart's eye since her initial diagnosis in February 2000 because

the equipment used to measure eye pressure was not functioning properly.   The delay

in diagnosing and treating Ahart's Glaucoma caused irreparable damage to her optic

nerve.   Ahart seeks compensatory damages and medical treatment to preserve her

optic nerve.

## III.    DISCUSSION

In support of their motion to dismiss, the defendants argue that:  (1) the claims

against them pursuant to section 1983 must be dismissed because they are not state

actors; (2) the claims against them in their official capacities are barred by the doctrine

of sovereign immunity; (3) Ahart has failed to allege the personal involvement of

Willingham in the alleged denial of medical care; (4) Ahart has failed to allege that Dr.

D'Avirro was deliberately indifferent to her medical needs and (5) they are entitled to

qualified immunity.[1]

I.    Section 1983 Claims

The defendants contend that the court should dismiss the claims against them

pursuant to 42 U.S.C.  § 1983 because they are not state actors.  To state a claim for

relief under section 1983, Ahart must allege that a person, acting under color of state

law, has deprived her of a constitutionally or federally protected right.  See Lugar v.

---

[1]  The defendants also assert arguments addressed to the Federal Tort Claims Act ("FTCA").   The complaint is filed on a form entitled "Complaint Under the Civil Rights Act, Title 42 Section 1983 U.S.C."   Ahart does not assert in the complaint that she filed this action pursuant to the FTCA and makes no reference to the FTCA.   Furthermore, Ahart has not named the United States as a defendant, which is required in FTCA cases.   See 28 U.S.C. § 2679(d)(1); Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983) (the only defendant in a FTCA claim is the United States).  Thus, the court will not construe the complaint, as having been filed or as raising claims under the FTCA and does not address defendants arguments regarding the FTCA.

Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). A section 1983 action is not cognizable against the defendants because they are employees of a federal agency whose actions do not constitute actions taken "under color of state law" as required by 42 U.S.C. § 1983. See Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (federal government exempt from the proscriptions of section 1983; that section does not permit relief against federal officers for action taken under color of federal law). Thus, the motion to dismiss is granted as to any claims brought pursuant to 42 U.S.C. § 1983.

The Second Circuit has held, however, that where a section 1983 action is brought against a federal official, the court should construe the claim as an action brought pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 389 (1971). See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (section 1983 claim asserted against federal agency and federal officials should be construed as a Bivens claim). In Bivens, the Supreme Court held that federal officials may be sued for damages in their individual capacities for the violations of a person's constitutional rights. Thus, a Bivens action is the nonstatutory federal counterpart of a civil rights action pursuant to 42 U.S.C. § 1983. See Ellis v. Blum, 643 F.2d 68, 84 (2d Cir. 1981). Accordingly, the court construes the complaint as raising a claim against the defendants pursuant to Bivens.

B.     Official Capacity Claims

The defendants argue that any Bivens claims for damages against them in their official capacities are barred by the doctrine of sovereign immunity. Sovereign immunity protects the federal government and its agencies from suit, absent a waiver.

4

See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Any waiver of sovereign immunity must be expressed in unequivocal terms. See United States Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992). The United States has not waived its sovereign immunity as to suits brought by plaintiffs pursuant to Bivens seeking damages for violations of their constitutional rights. See Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir. 1991); Keene Corp. v. United States, 700 F.2d 836, 845 n.13 (2d Cir.) cert. denied, 464 U.S. 864 (1983). "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).

The motion to dismiss is granted as to Ahart's Bivens claims for money damages against the defendants in their official capacities on the ground of sovereign immunity. However, Ahart's claims for prospective injunctive relief against the defendants in their official capacities cannot be resolved on the basis of the papers now before the court.[2] See Koehl v. DalSheem, 85 F. 3d 86, 89 (2d Cir. 1996).

C.    Claims Against Defendant Willingham in His Individual Capacity

Willingham argues that the claims against him in his individual capacity should be dismissed as Ahart has failed to allege his personal involvement in the inadequate medical care. To establish a Bivens claim for damages, Ahart must demonstrate each defendant's direct or personal involvement in the incident that gives rise to her constitutional deprivation. See Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987), cert.

---

[2]The defendants did not address the apparent claim for injunctive relief for prospective medical care.

denied sub nom. Barbera v. Schlessinger, 489 U.S. 1065 (1989).  Ahart cannot state a claim against supervisory officials simply by alleging that subordinate officers acted improperly.  She must allege facts showing the official's personal involvement in the challenged conduct.  See Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003).  A supervisory official who has not directly participated in the conduct complained of may be found personally involved if he created, or permitted to continue, the policy or practice pursuant to which the alleged violation occurred or acted recklessly in managing his subordinates who caused the unlawful incident.  See Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

Although Ahart includes Warden Willingham in the case caption, she does not mention him anywhere in the text of the Amended Complaint.  Thus, there is no basis upon which the court could infer that Warden Willingham participated in or was even aware of Ahart's medical care.  The motion to dismiss is granted as to all claims against defendant Willingham in his individual capacity.

D.      Bivens Claims Against Dr, D'Avirro in His Individual Capacity

Dr. D'Avirro argues that Ahart has failed to allege facts to support a claim of deliberate indifference to serious medical needs.   Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish an unconstitutional denial of medical care, Ahart must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to her serious medical need.  Id. at 106.  There is both an objective and a subjective component to a deliberate indifference claim.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994),

cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).

A serious medical condition exists where "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir.1997)) (internal quotation marks omitted).  The defendants concede for purposes of this motion that Ahart suffered a serious medical condition.  They argue, however, that Dr. D'Avirro was not deliberately indifferent to that condition.

To demonstrate deliberate indifference, Ahart must prove that "the prison official knew of and disregarded the plaintiff's serious medical needs." Chance, 143 F.3d at 703 (citing Farmer v. Brennan, 511 U.S. 825, 837(1994)).  Deliberate indifference will exist when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.  Mere negligence will not support a section 1983 claim.  See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) ("Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law.").

Ahart alleges that in February 1999, she complained about blurred vision and headaches and was told by unidentified medical personnel to flush her eyes with water and to return to the medical department if the symptoms existed.  Although she did return to the medical department complaining of the same symptoms on several more occasions in 1999, Dr. D'Avirro did not order a CAT scan and glaucoma evaluation until October 1999.  In January 2000, an ophthalmologist diagnosed Ahart with Chronic Open Angle Glaucoma, prescribed medications to decrease the pressure in her eyes,

and directed her to return for follow-up visits to monitor the pressure in her eyes and to determine if additional medication was required to treat her glaucoma. Dr. D'Avirro did not send Ahart to the ophthalmologist for follow-up evaluations.

By August 2002, Ahart's condition had worsened, and a glaucoma specialist diagnosed her as suffering from Advanced Uncontrolled Glaucoma. Ahart's eye pressure could not be tested in the two year period prior to August 2002, because the machine used to test eye pressure was inoperable.

Assuming these allegations are true, as the court must when deciding a motion to dismiss, the court concludes that Ahart states a claim against Dr. D'Avirro for deliberate indifference to a serious medical need and should be afforded to present evidence in support of her claim. Thus, defendants' motion to dismiss is denied on this ground.

E.    Qualified Immunity

Dr. D'Avirro argues that he is entitled to qualified immunity. The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity is warranted, the court first must address the question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court concludes that "a violation could be made out on a favorable view of the

parties' submissions, the next sequential step is to ask whether the right was clearly established." Id.   The determination of whether the right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." Id.  "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [state official] that his conduct was unlawful in the situation he confronted." Id.; see also Anderson v. Creighton, 438 U.S. 635, 640 (1987).

The court has determined above that, construing the allegations in the light most favorable to Ahart, the complaint states a claim against Dr. D'Avirro for denial or delay in treatment of her glaucoma.  The court concludes that the right to be free from deliberate indifference to serious medical needs, established in Estelle, encompasses the conduct alleged in Ahart's complaint.  See Estelle. 429 U.S. at 104-05 (intentional delay or denial of medical treatment may state a claim of deliberate indifference to medical needs).  The court concludes that at the time of the alleged violations of Ahart's rights, the law regarding claims of deliberate indifference to a serious medical need was sufficiently established to put defendant D'Avirro on notice that he could be liable for violating the Eighth Amendment if he deliberately delayed evaluation and treatment of the symptoms affecting Ahart's vision.   The motion to dismiss is denied on the ground that  defendant D'Avirro is protected by qualified immunity.  He may renew this argument in a motion for summary judgment or at trial.

## IV.    CONCLUSION

The defendants' Motion to Dismiss [**Doc. No. 16**] is **GRANTED** as to all Section 1983 claims, all Bivens claims for money damages against the defendants in their

official capacities, and all <u>Bivens</u> claims against  Willingham in his individual and official

capacities except any claim for injunctive relief in his official capacity.  The Motion to

Dismiss [**Doc. No. 16**] is **DENIED** as to the <u>Bivens</u> claims for money damages against

Dr. D'Avirro in his individual capacity and as to Ahart's request for injunctive relief.

The court notes that in response to the motion to dismiss, the plaintiff filed a

document entitled Chronological Report that more fully articulates her allegations

concerning her medical condition and the treatment she received by Dr. D'Avirro and

other medical personnel during the period from February 1999 through September

2003.  In addition, the plaintiff has submitted medical records for this period.   A

complaint, however, cannot be amended by a memorandum in opposition to a motion

to dismiss.  <u>See</u> <u>Wright v. Ernst & Young LLP</u>, 152 F.3d 169, 178 (2d Cir.1998) (holding

that plaintiff could not amend her complaint through a legal memorandum filed in

opposition to a motion to dismiss).

The court will permit the plaintiff to file an amended complaint to allege further

facts to support her claim or claims of deliberate indifference to her serious medical

condition against Dr. D'Avirro in his individual capacity, and is given leave to replead

her <u>Bivens</u> claim for damages against Willingham in his individual capacity if she has a

factual and legal basis to do so and to clarify that she seeks prospective injunctive relief

and against whom.

The Clerk is directed to send the plaintiff a copy of the exhibits attached to her

memorandum in opposition to the motion to dismiss and an amended complaint form

with a copy of this Ruling.  **Any amended complaint must be filed within thirty days**

**of the date of this order.**


**SO ORDERED**.

       Dated at Bridgeport, Connecticut, this 15th day of March, 2007.


                      /s/ Janet C. Hall            
                      Janet C. Hall
                      United States District Judge